IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YASHUA BONDS, #Y10454, )<br>)<br>      **Plaintiff,**   )<br>vs.                           )<br>                              )<br>DEBONAH ISAACS, SGT. TARR,  )<br>SEAN HOWELL, MAJOR MYERS,   )<br>SHANE A. TASKY, TONY M. BUTLER, )<br>RICHARD G. MORGNTHALER,     )<br>OFFICER BRADFORD, and        )<br>DR. LARSON,                        )<br>                              )<br>      **Defendants.**   ) | Case No. 3:20-cv-01056-SMY |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

    Plaintiff Yashua Bonds, an inmate of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He seeks monetary damages and injunctive relief. (Doc. 1). The Complaint was dismissed because Plaintiff did not identify any individual that allegedly violated his constitutional rights and named only state government agencies not subject to suit for money damages under § 1983. (Doc. 11). Plaintiff was granted leave to file a First Amended Complaint, which he has done.

    This case is now before the Court for preliminary review of the First Amended Complaint (Doc. 12) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the

Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 12): Plaintiff had an asthma attack on Thursday, September 10, 2020 and pressed the emergency button on the cell door for assistance. It took an hour for a guard to respond. Plaintiff was taken to another area where an individual escorted him in a wheelchair to the health care unit. He was admitted for an overnight stay and received a nebulizer breathing treatment, which improved his breathing. The nurse left the nebulizer in case he needed another treatment. After shift change, a nurse took the nebulizer and told Plaintiff Dr. Larson would not permit it. He was released the next day.

Plaintiff returned to the health care unit suffering from another asthma attack around 4 a.m. on Saturday, September 12, 2020. The inhaler he had been given was making him worse. In the health care unit, the lady guard yelled at him for no reason and told a male guard to take his mask. Plaintiff had another mask but it was dirty. They insisted he put on the dirty mask but he refused. He stated he would put on his clean mask that they had taken from him but they refused to return it. Plaintiff does not know their names because they refused to give him any information. A white shirt male guard put his face about four inches from Plaintiff's face, hoping to provoke him to lash out aggressively but he did not. The white shirt male guard asked Plaintiff what his problem was and Plaintiff said "I don't know, I was attacked for no reason." The white shirt male guard stated he could have Plaintiff strip searched and taken to isolation. Plaintiff was not given any

medication despite repeated requests and was in isolation until Monday evening (September 14, 2020) around 7 p.m.

While in isolation, Plaintiff asked for a Lieutenant, Major, Supervisor, Warden, and Intel/I.A. One of the officers was Bradford. They let his food sit out and get cold. He was denied a shower, writing materials, and property.

After Plaintiff returned to the health care unit, he was given a dirty towel to shower on Tuesday morning. A guard told him to stop working out, but he was just walking in circles in a corner. Another guard asked him to stop working out and he explained that the exercises he was doing helped expand his lungs so that he could breathe better because he had not been given proper medication. They attempted to give him the inhaler that did not work and made him worse (Plaintiff believes they put medication he is allergic to in the container or it was expired). They refused to give him treatment. Debbie Isaacs told him to "stop" and he responded that he was just walking in a small circle. She asked him a question and he said nothing because of his experience with the guard putting him in isolation on Saturday. They issued him a ticket the next day. He got out the same day. Plaintiff was in the health care unit for a week. They denied him property and writing materials and gave him dirty underwear on purpose. One night, he hit the buzzer to alert the nurse because he was having an asthma attach and a white shirt officer told him to stop hitting the buzzer and threatened him.

## Discussion

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

3

R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555.  Further, because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").  Listing a potential defendant in the case caption is not enough to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, Plaintiff does not mention Defendants Tarr, Howell, Myers, Tasky, Butler, or Morgnthaler by name in his statement of claim nor does he describe what these Defendants did or failed to do to violate his constitutional rights.  And, although he mentions Dr. Larson, Isaacs, and Bradford in passing, he does not describe actions by those Defendants that violated his constitutional rights.  The vast majority of the allegations in the First Amended Complaint are attributed to an unknown group of individuals repeatedly referred to as "they," which does not comply with Rule 8.  Because Plaintiff fails to allege specific acts of wrongdoing by the individual Defendants, the personal involvement requirement necessary for § 1983 liability is not met and Plaintiff fails to state a claim.

4

Additionally, the references to the female guard, male guard, and white shirt male guards are insufficient to bring claims against those individuals because Plaintiff has not named any Doe Defendants in the case caption. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Plaintiff fails to state a claim against any individuals not identified as defendants in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against individual mentioned in body of Complaint but not specified in the caption).

For the reasons stated, the First Amended Complaint will be dismissed and Plaintiff will be given an opportunity to re-plead his claims.

## Disposition

The First Amended Complaint does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **MAY 12, 2021**. The Second Amended Complaint will be subject to review under § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 20-cv-01056-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where,

5

and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint or Amended Complaint – the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 12, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**