IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YASHUA BONDS, #Y10454, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-01056-SMY |
| ) | |
| BIG MUDDY RIVER CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Yashua Bonds, an inmate of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 11). Plaintiff was granted leave to file a First Amended Complaint, which he did. (Doc. 12). However, the First Amended Complaint also did not survive screening, and the Court dismissed the First Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 14). Plaintiff was granted leave to file a Second Amended Complaint on or before May 12, 2021 and was warned that failure to do so would result in dismissal with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. (*Id.*).

The deadline to file a Second Amended Complaint has passed and Plaintiff has not filed the pleading or requested an extension. Accordingly, this case is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order, failure to prosecute his claim, and failure

to state a claim for relief.  Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).  Because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.  The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED.R.APP.P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed and therefore any balance on the filing fee remains due and payable in accordance with the Court's October 13, 2020 Order (Doc. 9).  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  May 24, 2021**              *s/ Staci M. Yandle*
                                       **STACI M. YANDLE**
                                       **United States District Judge**