IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YASHUA BONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-01056-SMY |
| ) | |
| BIG MUDDY RIVER CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of a letter filed by Plaintiff (Doc. 17), construed as a Motion to Set Aside Judgment under Federal Rule of Civil Procedure 60.

Plaintiff Yashua Bonds filed the instant lawsuit on October 7, 2020 pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Big Muddy River Correctional Center (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on October 30, 2020 (Doc. 11). The First Amended Complaint (Doc. 12) was also dismissed without prejudice on April 12, 2021. (Doc. 14). Plaintiff was granted leave to file a Second Amended Complaint on or before May 12, 2021 and was warned that failure to do so would result in dismissal with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. (*Id.*). When Plaintiff failed to file a Second Amended Complaint, the case was dismissed on May 24, 2021 (Docs. 15, 16).

Rule 60(b) permits a court to relieve a party from a final order or judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A motion filed under Rule 60(b) must be filed "within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." FED.R.CIV.P. 60(c)(1). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Plaintiff contends he was placed on crisis watch on December 17, 2020, that as a result, his mail was delayed, and that his case was unlawfully dismissed while he was on crisis watch. He also claims he was denied writing materials at Menard Correctional Center[1] for some unidentified period of time because paper was unavailable in the commissary.[2]

---

[1] Plaintiff did not notify the Court that he had been transferred to Menard Correctional Center despite the Court's Orders advising him of an obligation to do so and warning him that failure to do so will cause a delay in the transmission of court documents and may result in dismissal of this action (Docs. 7, 11, 14). At the time he filed his Complaint and First Amended Complaint, he listed his address as Big Muddy River Correctional Center (Docs. 1, 12).

[2] The Court is aware of a paper shortage at IDOC facilities in late 2021 based on filings in other cases. The Court ordered Menard Warden Wills to address the issue in SDIL Case No. 3:20-cv-01100-SMY. According to the warden, even when Menard commissary was out of paper and pens, there was a procedure available to request paper, pens, and envelopes. *See Id.* at Doc. 121.

Because Plaintiff's motion was filed more than 16 months after judgment, he may only seek relief for reasons (4), (5), and (6) above.  Plaintiff's explanation for failing to take any action in his case does not support setting aside the judgment.  The Court also notes that, according to the Illinois Department of Corrections Inmate Locater,[3] Plaintiff was paroled on May 31, 2022.[4]  He offers no explanation as to why it took more than four months following his parole to file his request.  Because there are no grounds for relief under Rule 60, the motion will be denied.

**Disposition**

The Motion to Set Aside Judgment (Doc. 17) is **DENIED**.  If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  October 18, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[3] *See* Individuals in Custody (illinois.gov).

[4] Plaintiff did not notify the Court of his new address following parole.  In his motion, he states he is currently incarcerated in the Jefferson County Jail, but does not allege how long he has been incarcerated at that facility (Doc. 17).